1803.

BROWN *against* GIRARD.

A protest made by the captain of a vessel within twenty-four hours after his arrival at his first port where both the owner and insurer resided, and without notice to the insurer, is evidence in an action between those parties to shew that an occurrence at sea had made a deviation necessary.

THE defendant underwrote a policy of insurance on the schooner *Eagle,* upon a voyage at and from *Edenton, North Carolina,* to Cape *Nicola Mole.* The vessel was captured as she was sailing from *Philadelphia* to Cape *Nicola Mole,* carried into *Port de Paix* and condemned. At the trial of the cause before Judges *Smith* and *Brackenridge* at Nisi Prius in *June* 1802, the plaintiff's counsel, to excuse the deviation, offered in evidence the protest of the captain made within twenty-four hours after his arrival in *Philadelphia, where both the plaintiff and defendant resided,* but without notice to the defendant, to prove that the vessel upon her voyage from *Edenton* to Cape *Nicola Mole* struck on *Ocracoke Bar,* by which she sprung a leak, and that in consequence of stormy weather *Philadelphia* was the first port she could make. This evidence was objected to by the defendant's counsel, and refused by the court, reserving the question, and giving the plaintiff leave, in case he should be nonsuited on this ground, to move to take off the nonsuit. The plaintiff being unable to supply the proof suffered a nonsuit, and accordingly now moved to take it off.

*Condy* for the plaintiff contended that the protest of the captain had been invariably admitted in *Pennsylvania,* as evidence in cases between insurer and insured to prove capture, to excuse deviation, and in general to establish transactions at sea. *Nixon* v. *Long* (*a*), *Story* v. *Strettell* (*b*), *Richette* v. *Stewart* (*c*). That there was nothing in these cases, and nothing in the reason of the rule to confine it to *foreign* protests; that they had been admitted here on much the same ground, upon which a trader is allowed to prove his book of original entries, the necessity of the case, which justifies the admission of a protest made at home as well as any other. Notice to the insurers was unnecessary. A cross examination would not have given the document any additional effect in court. It is indeed presumed to be impracticable as the protest must be extended within twenty-four hours after arrival, and the insurers are not known to the captain. A protest has no resemblance to the ordinary deposition of a witness. It is made before a dispute occurs, before any action

(*a*) 1 *Dall.* 6.        (*b*) 1 *Dall.* 10.        (*c*) 1 *Dall.* 317.

can be brought, and by a person who is in some measure the agent of both parties. A protest made *here* was admitted in the Common Pleas in *Gilchrist* v. *Ward*, before Judge *Biddle*.

*Rawle* and *Ingersoll* answered that the admission of a captain's protest in any case is a dangerous exception to the salutary rules of evidence. It is always rejected in *England*, even under the most favourable circumstances, *Senat* v. *Porter* (*a*); and generally through the United States. It is an *ex parte* affidavit by a person under strong temptations to colour or conceal facts for the purpose of justifying himself. Where however it is made *abroad* under certain regulations, it must now be received in *Pennsylvania*, for so are the cases cited; it has been thought admissible from the necessity of the case. But where is the necessity that when owner and underwriter reside in the very port of arrival, the captain without notice of any kind should proceed to make his deposition in a corner. If a cross-examination would not give to the instrument the character of legal evidence, it would get at the truth. The cases have never gone the length of admitting a protest made at home. In *Gilchrist* v. *Ward*, a bill of exceptions was tendered to the court's opinion, but was never prosecuted, because the verdict was for the excepting party.

SHIPPEN C. J. delivered the opinion of the court.

The question is whether the captain's protest made in the port of *Philadelphia*, (where both insurer and insured resided) on a voyage from *Edenton* to the *West Indies*, can be given in evidence? The protest of the master of a vessel was first ruled to be evidence in the case of *Nixon & Harper* v. *Long*, in 1762. On every occasion since, both before and since the revolution, as between insurer and insured such protests have been admitted in evidence. But it is objected that the protest was not made in a *foreign* port, but in a port where the parties resided. I take it that the reason of ever admitting it arose partly from its being an instrument which the insurance offices always expect to be produced to them, as a document to prove the loss, and partly from the necessity of the case as a commercial transaction. What is the nature of this necessity? I take it that the loss or damage arises on the *ocean*, and that the master is the

(*a*) 7 *D. & E.* 158.

1803.

BROWN
v.
GIRARD.

only person acquainted with all the facts; and he immediately on coming to shore making a protest, it is admitted to be read in evidence in a commercial case, contrary to the general rules of law in other cases. Whether the parties reside here or elsewhere, this necessity is the same, as the damage was *at sea*, and the master is the best able to give an account of it. The calling the insurers before the notary when the protest is made, to give them an opportunity of cross-examination, would be a novel proceeding, and if done, would not by the rules of law make it better evidence, as no action then depended. Therefore let the nonsuit be set aside.

Nonsuit set aside.